1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DESHAWN MYRICK,

11            Plaintiff,                    No. CIV 2:10-cv-1085-KJM-JFM (PC)

12        vs.

13   IVES, et al.,

14            Defendants.          ORDER

15   _____/

16          Plaintiff is a federal prisoner proceeding pro se.  Plaintiff seeks relief pursuant to

17   28 U.S.C. § 1331 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4    U.S.C. § 1915(b)(2).

5            The court is required to screen complaints brought by prisoners seeking relief

6    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

9    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10   U.S.C. § 1915A(b)(1),(2).

11           A claim is legally frivolous when it lacks an arguable basis either in law or in

12   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

13   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.

15   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

16   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

17   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

18           A complaint, or portion thereof, should only be dismissed for failure to state a

19   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23   complaint under this standard, the court must accept as true the allegations of the complaint in

24   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1          Plaintiff brings this suit pursuant to Bivens v. Six Unknown Named Agents, 403

2   U.S. 388 (1971).  Plaintiff alleges that while being transported in a bus from a federal

3   correctional institute in Herlong, California to one in Oklahoma City, Oklahoma, his handcuffs

4   were too tight, the bus ride took approximately 50 hours, certain guards uttered racial slurs and

5   smoked on the bus, and the bus drivers were speeding.  Plaintiff claims he complained repeatedly

6   of the pain caused by the handcuffs to guards, though only Lt. Shank is identified.  Plaintiff

7   alleges he suffered mental and physical exhaustion, as well as swelling, pain and loss of blood

8   circulation in his hands, wrists and ankles.

9          To state a private cause of action under Bivens and its progeny, plaintiff must

10  allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that

11  the alleged deprivation was committed by a federal actor.  Van Strum v. Lawn, 940 F.2d 406,

12  409 (9th Cir. 1991) (§ 1983 and Bivens actions are identical save for the replacement of a state

13  actor under § 1983 by a federal actor under Bivens).[1]  Here, plaintiff's complaint fails as to all

14  defendants but Shank and as to all claims but plaintiff's allegation that he was injured due to

15  handcuffs that were placed too tightly.  See Smith v. Yarborough, 2008 WL 4877464 (C.D. Cal.

16  2008).

17         At this juncture, plaintiff may proceed in one of two ways.  First, plaintiff may

18  elect to serve the complaint and proceed only on those claims found cognizable by the court in

19  this order.  Second, plaintiff may file an amended complaint, attempting to cure the deficiencies

20  identified by the court in this order.  See Lopez, 203 F.3d at 1127 ("[A] district court should

21  grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the

22  allegation of other facts.") (citations and internal quotation marks omitted).  If plaintiff elects to

23  file an amended complaint, he is cautioned that he may not change the nature of this suit by

24  ――――――――――――

25      [1] When reviewing a Bivens action for which there is no case on point, therefore, § 1983
    cases are applied by analogy.  See, e.g., Butz v. Economou, 438 U.S. 478, 504 (1978) (no
    distinctions for purposes of immunity between state officials sued under § 1983 and federal
26  officials sued under Bivens).

1   adding new and unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

2   "buckshot" complaints).  Plaintiff is also advised that once he files his amended complaint, his

3   original pleadings are superceded and no longer serve any function in the case.  See Loux v.

4   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself

5   without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action

6   alleged in an original complaint which are not [re-]alleged in an amended complaint are waived."

7   King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

8                    In accordance with the above, IT IS HEREBY ORDERED that:

9                    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

10                   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

11   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13   Director of the California Department of Corrections and Rehabilitation filed concurrently

14   herewith.

15                   3.  If plaintiff wishes to amend his complaint, plaintiff shall complete the attached

16   Notice of Amendment and submit the following documents to the court within thirty days from

17   the date of this order:

18                        a.  The completed Notice of Amendment; and

19                        b.  An original and one copy of the Amended Complaint.

20   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

21   Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

22   bear the docket number assigned this case and must be labeled "Amended Complaint."

23   /////

24   /////

25   /////

26   /////

1          Failure to file an amended complaint in accordance with this order will result in

2   this case proceeding on the January 26, 2010 complaint as screened in this order.

3   DATED: February 22, 2011.

4

5   _____
    UNITED STATES MAGISTRATE JUDGE

6

7   /014;myri1085.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DESHAWN MYRICK,

11          Plaintiff,                    No. CIV 2:10-cv-1085-KJM-JFM (PC)

12       vs.

13   IVES, et al.,

14          Defendants.              NOTICE OF AMENDMENT

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____      Amended Complaint

19   DATED:

20

21   _____
                                     Plaintiff

22

23

24

25

26